**LEMMING v. UNITED STATES.**

**No. 7108.**

Circuit Court of Appeals, Seventh Circuit.

July 10, 1940.

Julius C. Martin, and William C. Pickett, both of Washington, D. C., Arthur Roe, U. S. Atty., of Vandalia, Ill., and Thomas E. Walsh, Atty. Dept. of Justice, of Washington, D. C., for appellant.

Stephen A. Cross, of Chicago, Ill., and Walter E. Ackermann, of Belleville, Ill., for appellee.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

TREANOR, Circuit Judge.

This action was brought to recover total and permanent disability benefits under a war risk insurance contract. There was a verdict for the plaintiff and judgment was entered thereon. The error claimed by the defendant is the court's refusal to grant the government's motion for a directed verdict made at the close of the evidence.

The sole contention on the merits of the appeal is that there was no substantial evidence to support a finding that the plaintiff was totally and permanently disabled on November 10, 1918.

The evidence, and justifiable inferences therefrom, may be summarized for our purposes as follows: The plaintiff was the victim of shell shock as a result of the explosion of a shell near him; from the moment of the explosion the plaintiff was the victim of a "ringing noise" in his head that has never ceased and he has been nervous continuously from that date. At one time he was diagnosed as incompetent and insane and afflicted with a psychosis. After the shell shock experience he returned to the front lines and on November 10, 1918, suffered a severe gas attack which burned the flesh off his hands so badly that, in the words of the plaintiff, "the skin and flesh melted off and ran down my fingers"; as a result of the gas he suffered burns in his eyes, nose, inside his mouth, in his lungs, on his back, his legs, penis and scrotum. After his return from the army he was a "very weak, frail man," and coughed and breathed heavily upon slight exertion. From the date of the gassing, November 10, 1918, he remained in hospitals continuously until his discharge on July 30, 1919. The certificate carried the following recital: "Recommended for discharge on account of bronchitis, chronic, catarrhal; became unfit for duty from present disease or injury November 10, 1918; disease contracted or injury received November 10, 1918 St. Mihiel, France * * *. On duty with company * * * Caused by the inhalation of mustard gas at St. Mihiel, France."

The Board of Medical Officers examined him at the time of discharge and found as follows: "He is unfit for service as a soldier because of bronchitis, chronic, catarrhal, caused by the inhalation of mustard gas at St. Mihiel, France, November 10, 1918. Shown by diminished resonance over both lungs with indeterminate moist rales and harsh prolonged breath sounds. Peri-bronchial thickening (shown) by X-ray. Incapacitates by weakness and shortness of breath with pain in the chest on exertion. The Disability Is Permanent. The maximum improvement has been obtained."

At the date of his admission to the hospital on November 11, 1918, the cause of admission was stated to be "gassed, mustard, inhala, surface contact, both hands, wrists, legs, eyes, scrotum and penis severe, * * * bronchitis, purulent, acute." The plaintiff has been examined or has been hospitalized by government doctors at least 34 times from the date of his discharge.

The evidence clearly justifies the conclusion of the District Court that plaintiff's condition has not improved since his discharge. Defendant urges that the only disease from which the plaintiff suffered during the years 1919, 1920, and 1921,

was chronic bronchitis, but this is inconsistent with the hospital records and testimony and is inconsistent with the reasonable inference that the plaintiff was not suffering from an ordinary case of bronchitis. The Board of Medical Examiners at the date of his discharge on July 30, 1919, stated that his "bronchitis, chronic" was caused by the "inhalation of mustard gas"; that it is shown by "diminished resonance over both lungs with indeterminate moist rales and harsh prolonged breath sounds"; also the finding of the Board of Medical Examiners states that Lemming "incapacitates by weakness and shortness of breath with pain in the chest on exertion" and that "the disability is permanent"; and that "the maximum improvement has been obtained."

There was substantial evidence to support the finding of the District Court that the plaintiff became totally and permanently disabled as of November 10, 1918, unless, as contended by defendant, the evidence of employment indicates that the disability was not total and permanent. The evidence discloses that the plaintiff was employed at various times but it is reasonably inferable from the evidence that he was not physically able to perform the work which he was employed to do and for which he was being paid. The longest period of employment was furnished him by his brother and the facts indicate that this was a charity employment. At another time he was employed by his brother-in-law. In any event remunerative employment during the period for which one is claiming to be totally and permanently disabled is at the most evidence and is not necessarily conclusive; and in the instant case its probative value is greatly weakened by evidence that the plaintiff was in fact physically unable to perform the work that he was attempting to do and by the further fact that the employment was furnished to him regardless of his ability to actually do the work which the employment ordinarily required.

We conclude that there was substantial evidence to support the finding of the District Court and that there was no error in overruling defendant's motion for a directed verdict at the close of the evidence.

The judgment of the District Court is affirmed.